UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND HANSEN and
DEBRA HANSEN,

        Plaintiff,

vs.                                Case No. 8:07-CV-1243-T-27MSS

GEOVERA SPECIALTY INSURANCE
COMPANY f/k/a WSF&G SPECIALTY
INSURANCE COMPANY,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss and Motion for More Definite Statement (Dkt. 6) and Plaintiffs' Memorandum of Law in Opposition (Dkt. 11). Upon consideration, Defendant's motion is GRANTED as to Count IV and DENIED with respect to Counts I, II and III.

Plaintiffs Raymond and Debra Hansen initiated this action against Defendant Geovera Specialty Insurance alleging breach of contract (Count I) and seeking declaratory relief (Counts II, III and IV).[1] Defendant moves for dismissal of all counts pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, requests a more definite statement of Plaintiffs' claims. (Dkt. 6).

<u>Applicable Standard</u>

When considering a Rule 12(b)(6) motion to dismiss, a court must accept the allegations in

---

[1] The complaint, originally filed in Circuit Court for Hernando County, was removed to this Court based on diversity jurisdiction. (Dkts. 1, 2).

1

the complaint as true and construe them in a light most favorable to the plaintiff. *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999) (citations omitted). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted).

Until the recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, pursuant to *Twombly*, which abrogated *Conley*, to survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

## Discussion

### Count I - Breach of Contract

In Count I of the complaint, Plaintiffs allege that Plaintiffs' residence was insured under a policy of insurance issued by Defendant, Policy Number GH50025387 (the "Policy"). (Dkt. 2, ¶ 3). It is undisputed that the Policy was issued on July 20, 2005 and became renewable on July 20, 2006.

Plaintiffs attach a copy of the Policy to their complaint. (Dkt. 2-2). In relevant part, the Policy provides:

Section I - Property Coverages

  A. Coverage A - Dwelling
    1. We cover:
      a. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and
      b. Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises."
    2. We do not cover land, including land on which the dwelling is located.

  B. Coverage B - Other Structures

    1. We cover other structures on the "residence premises" set apart from the dwelling by clear space. This includes structures connected to the dwelling by only a fence, utility line, or similar connection.

    2. We do not cover:
      a. Land, including land on which the other structures are located;

(Dkt. 2-2, Section 1 - Property Coverages).

On March 17, 2006, Plaintiffs' home was damaged by a sinkhole, which Plaintiffs allege is a covered cause of loss under the Policy. (Dkt. 2, ¶ 4). On June 7, 2006, Plaintiffs received a letter from Defendant notifying them that Defendant adopted the Florida Statutes governing the investigation and processing of sinkhole claims, but that it did not believe the state protocols applied to surplus line insurers, such as Defendant. (Dkt. 2, ¶ 6; Dkt. 2-3, p. 1). Defendant reserved "the right to later deviate from the statute's requirements for authorized insurers." (Dkt. 2-3, p. 1).

In November 2006, Defendant tendered two checks to Plaintiffs representing the actual cash value of the cost to repair cosmetic damage to Plaintiffs' home and other structures. (Dkt. 2, ¶ 11). Defendant notified Plaintiffs that "although [the Policy] may provide replacement cost coverage, until [Plaintiffs] enter into a repair contract for the performance of the building stabilization and/or

foundation repairs, [Defendant] is only obligated to pay the actual cash value of any related damage to covered structures caused by covered sinkhole activity, excluding the costs associated to either underpinning or grouting or any other repair technique performed below the existing foundation of the building or structure." (Dkt. 2-4, p. 1).

Plaintiffs contend they are entitled to receive replacement cost benefits and that Defendant's failure to do so and failure to tender the amount required to perform the repairs to Plaintiffs' home is a breach of the Policy. (Dkt. 2, ¶ 11). Plaintiffs contend § 627.707, Fla. Stat., sets forth certain minimum standards which an insurer must meet in connection with the investigation and payment of sinkhole claims. Plaintiffs contend Defendant contractually obligated itself to resolve Plaintiffs' sinkhole claims in a manner which is not inconsistent with § 627.707 and contractually obligated itself to provide benefits consistent with § 627.7011(3), which requires the insurer to "pay the replacement cost without reservation or holdback of any depreciation in value, whether or not the insured replaces or repairs the dwelling or property." (Dkt. 2, ¶ 10). Plaintiffs allege that Defendant's refusal to pay any cost associated with the stabilization and underpinning of Plaintiffs' property until Plaintiffs have entered into a contract for the performance of the building's stabilization and foundation repairs is a breach of the Policy. (Dkt. 2, ¶¶ 12, 18).

Defendant moves for dismissal of Count I, arguing the unambiguous language of the Policy states that the Policy covers Plaintiffs' dwelling and other structures, but does not cover land, including land on which the dwelling is located. (Dkt. 6, p. 2 (citing Policy, Section I-Property Coverages A and B)). Defendant further contends the Policy clearly states that it "will pay no more than actual cash value of the damages until actual repair or replacement is complete." (Dkt. 6, p. 3 (citing Policy, Section I-Conditions, C Loss Settlement). Defendant contends § 627.7011(3) does

not alter or extend coverage because the statute became effective after the Policy was issued.

Defendant essentially argues the merits of Plaintiffs' breach of contract claim, which is improper on a motion to dismiss. In order to state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) breach of that contract; and (3) damages. *Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A.*, 938 So. 2d 571, 575 (4th DCA 2006). Plaintiffs have set forth a claim for breach of contract, as they have alleged the existence of a contract between the parties, that Defendant did not pay in accordance with the Policy and in violation of Florida Statutes, and damages resulted from that breach. (Dkt. 2, ¶ 18). At this stage of the proceedings, these allegations must be accepted as true. *See Kirby*, 195 F.3d at 1289. Accordingly, Defendant's motion to dismiss Count I is DENIED.

Count II - Declaratory Relief

Plaintiff's state law claim for declaratory relief is governed by chapter 86, Florida Statutes, which provides that a party claiming to be interested or in doubt as to its rights under certain documents, may seek a declaration of its rights. *Meadows Community Ass'n, Inc. v. Russell-Tutty*, 928 So.2d 1276, 1279-1280 (Fla. 2d DCA 2006). To invoke jurisdiction under Florida's declaratory judgment act, the moving party must show that he or she is in doubt as to the existence of some right or status and is entitled to have that doubt removed. *See Tobon v. American Sec. Ins. Co.*, 2007 WL 1796250, *2 (S.D. Fla. 2007) (citing *Kelner v. Woody*, 399 So.2d 35, 37 (Fla. 3d DCA 1981).[2] "The

---

[2] The elements of a claim for declaratory relief are set forth in *May v. Holley*, 59 So.2d 636, 639 (Fla.1952):
> [I]t should be clearly made to appear that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject

test for the sufficiency of a complaint for declaratory judgment is not whether the plaintiff will succeed in obtaining the decree he seeks favoring his position, but whether he is entitled to a declaration of rights at all." *"X" Corp. v. "Y" Person*, 622 So.2d 1098, 1101 (Fla. 2d DCA 1993) (citing *Platt v. Gen. Dev. Corp.*, 122 So.2d 48 (Fla. 2d DCA 1960)).

In Count II, Plaintiffs allege that "there is a dispute and disagreement between the parties as to their rights and liabilities under the contract and the applicability of § 627.707 and § 627.7011(3)." (Dkt. 2, ¶ 2). While Defendant may disagree with Plaintiffs' allegations and interpretations, it has not demonstrated that Plaintiffs fail to set forth a claim for declaratory relief or that they are not entitled to a declaration of their rights under the Policy and relevant statutory provisions. Accordingly, Defendant's motion to dismiss Count II is DENIED.

Count III - Declaratory Relief

In Count III, Plaintiffs seeks declaratory relief concerning the applicability of § 627.707, specifically § 627.707(5). In relevant part, § 627.707(5)(a) provides that ". . . the insurer shall pay to stabilize the land and building and repair the foundation in accordance with the recommendations of the professional engineer as provided under § 627.7073, and in consultation with the policyholder, subject to the coverage and terms of the policy." Fla. Stat., § 627.7073(5)(a). In relevant part, § 627.707(5)(b) provides that "[t]he insurer may limit its payment to the actual cash value of the sinkhole loss, not including underpinning or grouting or any other repair technique performed below the existing foundation of the building, until the policy-holder enters into a contract for the

---

matter, either in fact or law; that the antagonistic and adverse interest are all before the court ... and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

performance of building stabilization or foundation repairs." *Fla. Stat.*, § 627.707(5)(b).

Plaintiffs allege "Defendant's refusal to consider Plaintiffs' expert violated § 627.707(5)." (Dkt. 2, ¶ 32). According to Plaintiffs, "because Defendant insists that Plaintiffs enter into a contract for repair, while on notice the scope of the repair contemplated by the contract may not effectively repair Plaintiffs' property, it has breached the contract between the parties and violated the provisions of the statutes with which Defendant has voluntarily agreed to comply." (Dkt. 2, ¶ 33). Plaintiffs seek a declaration as to their rights under the Policy and § 627.707 and the extent to which Defendant may withhold payment until such time as Plaintiffs enter into a contract for the repairs. (Dkt. 2, ¶ 34).

Contrary to Defendant's assertion, Plaintiffs have alleged that they are in doubt as to their rights under the Policy and § 627.707. Plaintiffs identify the provisions of the Policy and specific statute they believe call their rights into question and allege they have suffered an actual injury by Defendant's failure to fully compensate them for damages caused by the sinkhole. Plaintiffs have sufficiently alleged a claim for declaratory relief. Accordingly, Defendant's motion to dismiss Count III is DENIED.

Count IV - Declaratory Relief

In Count IV, Plaintiffs seek a declaratory judgment that they are entitled to assign their interest in the insurance claim. (Dkt. 2, ¶ 36). According to Plaintiffs, "during the course of the presentment of Plaintiffs' claim, Plaintiffs' *explored* with Defendant *the possibility* of selling their home, as is, and assigning to the purchaser their interest in the insurance claim," however, Defendant by letter, "insisted [P]laintiffs do not have the right to assign their claim to anyone ..." (Dkt. 2, ¶¶ 15, 16) (emphasis added). Defendant argues dismissal of Plaintiffs' claim for declaratory relief is

appropriate because Plaintiffs fail to allege an actual injury or controversy. This Court agrees.

In the complaint, Plaintiffs merely allege the possibility of a legal injury based on a set of contingent or uncertain facts which have not yet arisen. This type of speculative injury based on a hypothetical "state of facts which have not arisen" are insufficient to base a claim for declaratory judgment. *See LaBella v. Food Fair, Inc.*, 406 So. 2d 1216, 1217 (Fla. 3d DCA 1981) (affirming trial court's dismissal of plaintiff's claim seeking declaratory judgment that statute governing compensation benefits payable for death was unconstitutional because recipient of compensation payments had not yet died); *see also American Indemnity Co. v. Southern Credit Acceptance, Inc.*, 147 So. 2d 10, 11 (Fla. 3d DCA 1962) (affirming trial court's dismissal of insurance company's claim for declaratory relief where insured merely notified insurer that "claims under the policy might be made;" holding that, in a declaratory action, "courts may not be required to answer a hypothetical question or one based upon events which may or may not occur"). Defendant's motion to dismiss Count IV is therefore GRANTED. Count IV is DISMISSED. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss and Motion for More Definite Statement (Dkt. 6) is GRANTED in part and DENIED in part. The motion is GRANTED as to Count IV. In all other respects, the motion is denied.

**DONE AND ORDERED** in chambers this 26th day of March, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record